IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSEPH CAPPARELLA,<br><br>Defendant. | CRIMINAL ACTION<br>NO. 9-474-04 |

**OPINION**

**Slomsky, J.**                                                                                                                              **May 19, 2025**

I.   **INTRODUCTION**

Before the Court is Defendant Joseph Capparella's ("Defendant") Second Motion for Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), the "Compassionate Release" statute, and 18 U.S.C. § 3582(c)(2).[1,2] (Doc. No. 549.)  On December 15, 2009, Defendant pled

---

[1]  Section 3582(c)(1)(A) provides, in part, that:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [§ 3553(a)] to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

[2]  Section 3582(c)(2) provides:

1

guilty to various offenses for his involvement in the Caraballo Drug Trafficking Organization. These offenses were: (1) conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846; and (2) distribution of cocaine, and possession of cocaine with intent to distribute, both in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). He is currently serving a 240-month term of imprisonment at the Federal Correctional Institution ("FCI") in Ashland, Kentucky. His release date is on or about March 26, 2027.

In his Motion, Defendant requests a reduction of his sentence pursuant to the United States Sentencing Commission's new policy statement in § 1B1.13(b)(6) titled "Unusually Long Sentence."[3] Defendant argues his sentence is unusually long and therefore it qualifies as an "extraordinary and compelling reason" for a reduction. (Doc. No. 575 at 3.) He further avers that Amendment 821 to the federal Sentencing Guidelines lowers his criminal history "status" points and this change would reduce his overall Criminal History Category and guideline range, warranting a reduced sentence.[4] (Id. at 4.)

---

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

[3]   Defendant also filed a Motion to Seal the Motion for Reduction of Sentence because it contains "confidential information related to his criminal history and confinement." (Doc. No. 576.) However, Defendant has not alleged sufficient reasons to warrant the Court to seal the Motion for Reduction in Sentence. Therefore, the Motion to Seal (Doc. No. 576) will be denied.

[4]   The remedy for a change to a defendant's "status" points in Amendment 821 falls under 18 U.S.C. § 3582(c)(2) because it effects a sentencing range that has been subsequently lowered by the Sentencing Commission.

But, for reasons that follow, Defendant's Motions for Reduction in Sentence (Doc. No. 575) will be denied.

## II.    BACKGROUND

### A.    Factual Background[5]

From January 2007 to September 7, 2007, Defendant and a co-defendant sold cocaine for the Caraballo Drug Trafficking Organization ("Caraballo DTO") from the Bella Rosa II bar where Defendant worked. (Doc. No. 1 at 3.) The bar was one of the primary distribution centers for the Caraballo DTO where Defendant either personally sold cocaine or delegated to others to sell cocaine. (Doc. No. 537 at 2.)

The case against the Caraballo DTO resulted from an undercover investigation of drug trafficking in Philadelphia led by the Pennsylvania Attorney General's Office. (Id.) Confidential informants ("CI" or "CIs") made controlled purchases of cocaine from members of the Caraballo DTO on numerous occasions between 2005 and September 7, 2007. (Id.) On July 25, 2007, a CI made a controlled purchase of three ounces of cocaine – 95.9 grams – from Defendant at the bar. (Id.)

Defendant also stored cocaine at his residence located in Philadelphia, Pennsylvania, for distribution for the Caraballo DTO. (Id.) On September 7, 2007, agents executed a search warrant for Defendant's home and recovered 108 individual packets of cocaine, collectively weighing approximately 60.8 grams. (Id. at 2-3.)

Defendant was indicted and charged with, inter alia, conspiracy to distribute five (5) kilograms or more of cocaine, in violation of 21 U.S.C. § 846. (Id. at 1.) He also was charged with distribution of cocaine, and with possession of cocaine with intent to distribute, both in

---

[5]    The Factual Background Section is adopted from the Court's prior Opinion Denying Defendant's first Motion for Compassionate Release. (Doc. No. 549.)

3

violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). (Id. at 1-2.) As noted, on December 15, 2009, Defendant pled guilty to all three (3) charges. (Id. at 2.) On December 28, 2010, he received the mandatory minimum sentence on each offense to run concurrently for a total of 240-months of imprisonment, followed by ten (10) years of supervised release. (Doc. No. 262 at 2.) He was also assessed a $5,000 fine and a $300 special assessment. (Id. at 5.) Defendant is serving his sentence at FCI Ashland in Kentucky. (Doc. No. 537 at 4.)

### B.    Procedural Background

On April 25, 2022, Defendant filed his first pro se Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 535.) In that Motion, Defendant argued he had certain medical conditions that warranted a reduction in his sentence. (Id. at 1-2.) He further argued that changes to mandatory minimum sentences for drug offenses involving high quantities of drugs, as codified in the First Step Act of 2018, also warranted a reduction in his sentence. (Id. at 2.) On April 21, 2023, the Court denied Defendant's Motion for Compassionate release, finding that neither his medical conditions nor his reliance on the First Step Act's changes to the mandatory minimum sentencing guidelines for drug-related offenses presented extraordinary and compelling reasons for compassionate release. (Doc. No. 549.) Defendant did not appeal this decision.

On September 30, 2024, Defendant filed the second Motion for Reduction in Sentence.[6] (Doc. No. 575.) In this Motion, Defendant makes two (2) arguments for relief. First, his sentence is unusually long under § 1B1.13(b)(6) of the United States Sentencing Guidelines due to a change made in the First Step Act to the mandatory minimum sentencing provisions in 21 U.S.C. § 841(b)(1).[7] (Id. at 7.) Put differently, Defendant argues that when he was indicted, § 841(b)(1)

---

[6] In the instant Motion for Reduction in Sentence, Defendant is represented by counsel.

[7] Specifically, § 401 of the First Step Act modified the statutory penalties set forth in 21 U.S.C. § 841(b)(1). See First Step Act, § 401(c), 132 Stat. 5221 (Dec. 21, 2018).

mandated a 20-year mandatory minimum sentence. (Id. at 8.) However, under a recent change to the First Step Act, had Defendant been sentenced today, he would be subject to only a 15-year mandatory minimum sentence. (Id. at 8.) Second, Defendant argues that based upon Amendment 821 to the Sentencing Guidelines, covering "status" points, his Criminal History Category would be reduced from a Category III to a Category II, and he would have a lower sentencing guideline range.[8] (Id.)

On October 23, 2024, the Government filed a Response in Opposition. (Doc. No. 578.) The Government noted that Defendant has raised a similar issue to the one raised in United States v. Carter, No. 24-1115, and United States v. Rutherford, No. 23-1904, which at the time were pending before the Third Circuit Court of Appeals. (Id. at 1.) The issue in these cases concerned whether the November 1, 2023 Amendment to § 1B1.13(b)(6) of the Sentencing Guidelines allowed nonretroactive amendments, specifically 18 U.S.C. § 924(c), to be considered on a motion for compassionate release.

The Government sought a stay of this case pending the Third Circuit decisions in Carter and Rutherford. (Id.) But, approximately one week after the Government filed its Response in Opposition, the Third Circuit issued its decision in Rutherford. See United States v. Rutherford, 120 F.4th 360 (3d Cir. 2024). And on December 2, 2024, the Third Circuit decided Carter. See United States v. Carter, No. 24-1115, 2024 WL 5339852 (3d Cir. Dec. 2, 2024). So a stay is not needed in this case.

---

[8] As discussed further below, in Amendment 821, effective November 1, 2023, the United States Sentencing Commission lowered the overall criminal history impact of "status points" for offenses committed while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release or escape status from two points to one point as well as lowered the offense level by two points for some zero point offender defendants based on certain criteria as enumerated in the statute. See U.S.S.G. § 1B1.10, n.7.

5

On December 2, 2024, the Government filed a Supplemental Response in Opposition to Defendant's Motion for Reduction in Sentence. (Doc. No. 580.) In its Supplemental Response, it argues that based on Rutherford and Carter, the changes to the First Step Act are not retroactive, and therefore Defendant is not entitled to relief. (See id.)

Defendant's Motion for Reduction in Sentence (Doc. No. 575) is now ripe for disposition.

## III.    STANDARD OF REVIEW

Generally, a district court "may not modify a term of imprisonment once it has been imposed . . . ." 18 U.S.C. § 3582(c). There are, however, "a few narrow exceptions" to this general "rule of finality[,]" including the compassionate release statute 18 U.S.C. § 3582(c)(1)(A). Freeman v. United States, 564 U.S. 522, 526 (2011). As amended by the First Step Act, Section 3582(c)(1)(A) empowers a district court to modify a term of imprisonment on a defendant's motion after the defendant has exhausted his administrative remedies if, among other reasons, the defendant has provided "extraordinary and compelling reasons [for] such a reduction." See 18 U.S.C. § 3582(c)(1)(A).

Congress, however, has not specifically defined the term "extraordinary and compelling reasons," except to the extent that "[r]ehabilitation of the defendant alone" is insufficient to constitute an extraordinary and compelling reason. 28 U.S.C. § 994(t). Instead, Congress delegated the authority to define "extraordinary and compelling reasons" to the United States Sentencing Commission. In this regard, Section 1B1.13 of the Sentencing Guidelines explains that a sentence reduction under § 3582(c)(1)(A) may be ordered where a court determines:

> [A]fter considering the factors set forth in 18 U.S.C. § 3553(a), . . . that—
>
> (1) (A) Extraordinary and compelling reasons warrant the reduction; . . .
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

6

> (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13(a)(1)-(3). Under Section 1B1.13(b), "extraordinary and compelling reasons" exist under the following circumstances or a combination thereof:

> (Sections 1-5 Omitted)
>
> (6) UNUSUALLY LONG SENTENCE. — If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13 (b)(6) (Nov. 1, 2023).

Further, Section 1B1.13(c) delineates the limitations to the policy exception regarding changes in law:

> (C) LIMITATION ON CHANGES IN LAW. — Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

U.S.S.G. § 1B1.13(c) (Nov. 1, 2023).

The Third Circuit has noted that "if a court finds that [extraordinary and compelling reasons] exist, it then turns to the sentencing factors in 18 U.S.C. § 3553(a) to determine whether compassionate release is appropriate." United States v. Stewart, No. 22-2770, 2023 WL 7509457, at *1 (3d Cir. Nov. 14, 2023). Section 3553(a) sets forth factors for a court to consider when

imposing a sentence.[9] If on balance, a defendant's extraordinary and compelling reasons combined with the § 3553(a) factors support a reduced sentence, and that reduction is consistent with the

---

[9] The factors set forth by § 3553(a) are as follows:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for—
>     (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>         (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>         (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
>     (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
> (5) any pertinent policy statement—
>     (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>     (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

applicable policy statement of the Sentencing Commission, a court may reduce a defendant's prison term, modify the terms of supervised release, or both.

There is a second reason set forth in 18 U.S.C. § 3582(c)(2) that allows a reduction in sentence. As noted earlier, this provision covers a situation where a defendant has been sentenced to a term of imprisonment that has been subsequently lowered by the Sentencing Commission. In that situation, a court may reduce a defendant's sentence, after considering the § 3553(a) factors, if the reduction is "consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

## IV.    DISCUSSION

### A.  Defendant's Sentence is Not "Unusually Long"[10]

First, Defendant argues that his 240-month sentence is unusually long, which is an extraordinary and compelling reason justifying a reduction to his sentence under § 1B1.13(b)(6). (Doc. No. 575 at 7.)

The Sentencing Commission recently added § 1B1.13(b)(6) to the Sentencing Guidelines, recognizing as a basis for compassionate release "the circumstance where a defendant has served more than 10 years of an 'unusually long sentence' that due to a 'change in law' would be grossly disparate under current law." See U.S.S.G. § 1B1.13 (b)(6) (Nov. 1, 2023). But the Sentencing Commission's authority to add § 1B1.13(b)(6) to the list of extraordinary and compelling reasons warranting a reduction to a defendant's sentence was quickly challenged in cases such as Carter and Rutherford.

---

18 U.S.C. § 3553(a).

[10]  This analysis is adopted from the Court's prior Opinion in United States v. Bashir, No. CR 14-284-2, 2025 WL 725252, at *9-10 (E.D. Pa. Mar. 5, 2025).

In both Carter and Rutherford, the defendants filed motions for compassionate release, arguing that the First Step Act's nonretroactive amendment to 18 U.S.C. § 924(c), "the federal statute that forbids using or carrying a firearm in furtherance of drug trafficking or a crime of violence," resulted in them serving unusually long sentences under § 1B1.13(b)(6). See Rutherford, 120 F.4th at 362 (noting the defendant had been sentenced to nearly 42.5 years' imprisonment after he was convicted on two counts of violating § 924(c) but, if sentenced today, "he would [instead] be subject to a 14-year mandatory minimum sentence for his two § 924(c) convictions"); see also United States v. Carter, 711 F. Supp. 3d 428, 430 (E.D. Pa. 2024) (noting the defendant was serving consecutive 7-year, 25-year, and 25-year mandatory minimum sentences for three violations of Section 924(c) when, if sentenced today, these violations would instead only result in three consecutive 7-year mandatory minimum sentences).

Considering these arguments, the Third Circuit in Rutherford held that its prior decision in United States v. Andrews precluded the nonretroactive amendment to § 924(c) from being considered on a motion for compassionate release.[11] See Rutherford, 120 F.4th at 378 ("[O]ur holding in Andrews was that the nonretroactive change to § 924(c), whether by itself or in combination with other facts, cannot be considered in the compassionate release eligibility context. We stand by that ruling today. When it comes to the modification of § 924(c), Congress has already taken retroactivity off the table, so we cannot rightly consider it.") (citing United States v. Andrews, 12 F.4th 255, 261 (3d Cir. 2021)).

---

[11] In light of its decision in Rutherford, the Third Circuit summarily affirmed the District Court's decision in Carter, in which it held that § 1B1.13(b)(6) could not serve as a basis for compassionate release due to the Third Circuit's holding in Andrews. See Carter, 2024 WL 5339852, at *1; see also United States v. Carter, 711 F. Supp. 3d 428, 436 (E.D. Pa. 2024).

Here, the changes in law cited by Defendant are not extraordinary and compelling reasons justifying a reduction to his sentence under § 1B1.13(b)(6). Defendant first argues that his sentence is unusually long under § 1B1.13(b)(6) due to a nonretroactive change made in the First Step Act to the mandatory minimum sentencing provisions in 21 U.S.C. § 841(b)(1). (Doc. No. 575.) Section 841(b)(1) sets the mandatory minimum sentences for persons who were convicted of distribution of cocaine and possession of cocaine with intent to distribute. See 21 U.S.C. § 841(b)(1). Under current law, as amended by the First Step Act, if a person is convicted of such an offense, § 841(b)(1) provides that they are subject to a mandatory minimum sentence of 10 years. See id. But if that person has previously been convicted of a serious drug felony or serious violent felony, the mandatory minimum increases to 15 years. See id. However, before the enactment of the First Step Act in 2018, a person with a previous serious drug or violent felony conviction was subject to a mandatory minimum sentence of 20 years, rather than today's 15 years. (See Doc. No. 575 at 8.)

As mentioned above, Defendant was sentenced in 2010 for conspiracy to distribute five (5) kilograms or more of cocaine, in violation of 21 U.S.C. § 846, and distribution of cocaine, and with possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). However, when sentenced, Defendant had a prior felony drug conviction. (Doc. No. 248 at 10.) As such, he was subject to and received the 20-year, or 240-month, mandatory minimum sentence prescribed by § 841(b)(1) for persons with a prior serious drug conviction. In his Motion for Reduction in Sentence, Defendant correctly recognizes that, if sentenced today, he would only be subject to a 15-year mandatory minimum sentence under § 841(b)(1). In this regard, Defendant argues that his 20-year, or 240-month sentence, is unusually long. (See Doc. No. 575 at 8.)

11

But § 401(c) of the First Step Act, the specific section of the Act that modified the statutory penalties set forth in 21 U.S.C. § 841(b)(1), explicitly states that "[t]his section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, <u>if a sentence for the offense has not been imposed as of such date of enactment</u>." First Step Act, § 401(c), 132 Stat. 5221 (Dec. 21, 2018) (emphasis added).  In other words, the amendment to § 841(b)(1) is nonretroactive, meaning its changes do not apply to sentences that had already been imposed by December 21, 2018, the date the First Step Act was enacted.  And Defendant's sentence under § 841(b)(1) was imposed on December 28, 2010, well before the First Step Act's enactment.  (<u>See</u> Doc. No. 262.)  Thus, under the Third Circuit's decisions in <u>Rutherford</u> and <u>Andrews</u>, because "Congress has already taken retroactivity off the table" with respect to the amendments to § 841(b)(1), this change in law "cannot be considered in the compassionate release eligibility context."  <u>See</u> <u>Rutherford</u>, 120 F.4th at 378.

### B. Amendment 821 to the United States Sentencing Guidelines is Inapplicable to Defendant's Mandatory Minimum Sentence

Second, Defendant argues that pursuant to Amendment 821 to the United States Sentencing Guidelines ("Sentencing Guidelines") his guideline range would be lower if he were sentenced today.  (Doc. No. 575 at 8.)

Under 18 U.S.C. § 3582(c)(2), a court may reduce a final sentence if that sentence was based on a sentencing range later amended by the United States Sentencing Commission (the "Sentencing Commission").  Section 3582(c)(2) provides: "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . if such reductions are consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).

12

In Amendment 821, effective November 1, 2023, the Sentencing Commission lowered the overall criminal history impact of "status points" for offenses committed while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release or escape status from two points to one point. (See U.S.S.G. § 1B1.10, n.7). Specifically, § 4A1.1 was amended as follows:

> striking subsection (d) as follows:
>
> "(d) Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.";
>
> by redesignating subsection (e) as subsection (d);
>
> and by inserting at the end the following new subsection (e)
>
> "(e) Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."

U.S.S.G. § 4A1.1.[12]

However, while Amendment 821 is retroactive, it cannot be applied to defendants who have a previously implemented mandatory minimum sentence. As described in Application Note 1 of Section 1B1.10:

> . . . [A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if . . . (ii) an amendment listed in subsection (d) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment.)

U.S.S.G. § 1B1.10, comment. (n.1(A)).

---

[12] Amendment 821 also reduced the offense level for some "zero-point" offenders, that is, defendants who had no prior criminal history. However, this provision is inapplicable to Defendant since he has a prior conviction.

Here, when sentenced in 2010, Defendant had six "status points" and a Criminal History Category of III. If Defendant was sentenced today, he would not receive three out of six of these status points because: (1) the two "status points" he received under § 4A1.1(d), for commission of an offense while on parole, are no longer applicable because Amendment 821 removed status points for an offender who has six criminal history points or fewer, and (2) the one "recency point" under § 4A1.1(e), for committing the offense within two years after release from custody, was removed by the Sentencing Commission.[13] (Doc. No. 578 at 8.) As a result, Defendant would now only have three points if he were sentenced today, and his Criminal History Category would be reduced from Category III to Category II.

However, Defendant's guideline range cannot be adjusted due to his mandatory 240-month sentence for conspiracy to distribute five (5) kilograms or more of cocaine, in violation of 21 U.S.C. § 846, and distribution and possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). See U.S.S.G. 1B1.10, comment (n.1(A)) (finding that a reduction in sentence is not authorized if the defendant has a statutory mandatory minimum term of imprisonment). Defendant was sentenced to the mandatory minimum, and it cannot be lowered under Amendment 821.[14]

---

[13] Amendment 742, effective November 1, 2010, eliminated "recency points" for some defendants who committed offenses less than two years after their release from imprisonment.

[14] Because the Court finds that no "extraordinary and compelling" reasons exist in this case, it need not review the § 3553(a) factors. See Stewart, 2023 WL 7509457, at *1 (finding that only "if a court finds that [extraordinary and compelling reasons] exist, it then turns to the sentencing factors in 18 U.S.C. § 3553(a) to determine whether compassionate release is appropriate"). Moreover, the Court already reviewed the § 3553(a) factors in Defendant's first Motion for Compassionate Release on April 21, 2023. (See Doc. No. 549 at 13-15.) In that Opinion, the Court found that "Defendant played a significant role in a drug distribution organization that was responsible for circulating approximately fifteen kilograms of cocaine into the community" and "the original sentence imposed took into account the seriousness of the offense and the need to promote respect for the law, to afford adequate deterrence to criminal conduct, specifically cocaine distribution,

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion for Reduction in Sentence (Doc. No. 575) will be denied. Defendant's Motion to Seal the Motion for Reduction in Sentence (Doc. No. 576) will also be denied. An appropriate Order follows.

---

and to protect the public from further crimes by Defendant." (Id.) And while Defendant's work as an orderly in FCI Ashland is commendable, it is an insufficient reason to warrant his release.